AO 450 (SCD 04/2010)  Judgment in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of South Carolina

| | |
|---|---|
| Viola Mae Brittner )<br>*Appellant* )<br>v. )<br>Beach Anesthesia LLC )<br>*Appelle*. ) | Civil Action No.     4:21-cv-01917-JD |

**JUDGMENT IN A CIVIL ACTION**

The court has ordered that *(check one)*:

☐ the plaintiff *(name)* _____ recover from the defendant *(name)* _____ the amount of _____ dollars ($___), which includes prejudgment interest at the rate of ___ %, plus postjudgment interest at the rate of ___ %, along with costs.

☐ the plaintiff recover nothing, the action be dismissed on the merits, and the defendant *(name)* _____ recover costs from the plaintiff *(name)* _____.

■ other: The order and judgment of the Bankruptcy Court is AFFIRMED.

This action was *(check one)*:

☐ tried by a jury, the Honorable _____ presiding, and the jury has rendered a verdict.

☐ tried by the Honorable _____ presiding, without a jury and the above decision was reached.

☐ decided by the Honorable Joseph Dawson, III, United State District Judge.

Date:   April 20, 2022                                          *CLERK OF COURT*

                                                                s/L. Gibbons
                                                  _____
                                                  *Signature of Clerk or Deputy Clerk*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

|  |  |
|---|---|
| Viola Mae Brittner, ) | Case No. 4:21-cv-01917-JD |
| ) |  |
| Appellant, ) |  |
| ) | **ORDER** |
| vs. ) |  |
| ) |  |
| Beach Anesthesia, LLC, ) |  |
| ) |  |
| Appellee. ) |  |

This matter is before the Court on Appellant Viola Mae Brittner's ("Appellant" or "Brittner") appeal from the Final Order of the United States Bankruptcy Court for the District of South Carolina, finding that Defendant Beach Anesthesia, LLC ("Beach" or "Appellee") did not willfully violate the automatic stay and cause compensable damages and that Brittner was not entitled to relief pursuant to §362(k). (DE 1, p. 13.)  For the reasons set forth below, the Court affirms the order of the Bankruptcy Court and dismisses the appeal.

### BACKGROUND

Appellant, an eighty-one (81)-year-old individual, filed a chapter 7 bankruptcy petition on June 8, 2020.  She disclosed in her bankruptcy papers two medical debts owed to Beach in the sums of $579.47 and $1,995.00.  Notice of Brittner's bankruptcy filing was sent to her list of creditors by the Bankruptcy Noticing Center on June 9, 2020.  Beach was listed twice on the list of creditors, once for each debt.  ResourceOne Medical Billing, LLC ("ResourceOne") retrieves Beach's mail as part of its billing services contract with Beach.  It retrieved the notices of Brittner's bankruptcy on June 15, 2020, and scanned the documents into its computer system on June 16 or 17, 2020, but they were not processed at that time.  On June 25, 2020, a vendor for ResourceOne

1

generated and transmitted the billing statement at issue, requesting Brittner make a payment to Beach on her $579.47 debt. This statement was received by Brittner on July 2, 2020. In the meantime, the ResourceOne employee responsible for handling Beach's account processed Brittner's bankruptcy notice on June 29, 2020, which wrote-off the debt and closed Brittner's account.

Brittner testified that she received the bill on Thursday, July 2, 2020. Due to the intervening federal holiday, she did not contact her attorney until the following Monday or Tuesday, July 6 or 7, 2020. Without contacting Beach or its agents, Brittner's counsel commencing an adversary proceeding on July 16, 2020, seeking a restraining order prohibiting further billing statements and an award of damages.

Brittner testified that when she received the statement, she was worried and embarrassed she forgot to report this debt and would have to pay it. She testified that she was unable to eat or sleep and suffered severe emotional distress, including what she described as increased "heart gurgling" from the time she received the statement until she spoke with her attorney a few days later. Brittner admitted she has suffered from a heart condition for more than twenty (20) years and had a major heart attack approximately two years ago, causing intermittent heart palpitations. However, she testified the invoice caused extra stress and worsened her heart condition.

Brittner stated that she called her cardiologist regarding the heart palpitations and made an appointment for September 2020, where she was prescribed Entresto, a medicine for patients with chronic heart failure. She testified that this prescription greatly helped her condition. Brittner did not supply during discovery or introduce at trial any medical records or invoices to support her testimony or claim for damages. Brittner also testified that she incurred attorneys' fees in the

2

matter totaling $22,972.95. She opined that the work and fees of the two attorneys representing her were actual, reasonable, and necessary to her pursuit of relief.

Regarding her damages, Brittner did not pay funds to Beach, so there are no funds to recover. Moreover, Brittner did not suffer a loss of wages or income, and she did not assert other out of pocket expenditures or assert or prove any other pecuniary loss.

Dr. Joseph A. Maggioncalda, the owner and managing member of Beach, testified that Beach has a long-standing policy of writing-off patients' debts and closing accounts once it receives notice of a patient's bankruptcy filing. Beach has a contract with ResourceOne whereby Beach is provided with patient billing services and ResourceOne implements Beach's policies without discretion. Neither ResourceOne nor Beach pursued collection of Brittner's debts once they became aware of the bankruptcy filing. Beach did not file a proof of claim in Brittner's bankruptcy case and does not file proof of claims in bankruptcy cases as a matter of practice.

Mr. Michael Bowe, the principal and owner of ResourceOne, testified that at times relevant here, ResourceOne was adopting substantial changes to its business practices in response to the COVID-19 pandemic and referenced the City of Columbia, South Carolina's, local ordinance requiring businesses to take additional health and safety precautions. In connection with medical billing services, ResourceOne utilizes a model whereby one employee picks up mail for several different clients from differing locations and delivers that mail to ResourceOne's office, another employee scans all the mail into a secure computer system, a third employee, known as a medical billing & tracking specialist ("MBTS"), reviews and processes the scanned mail. Bowe testified that this process is normally completed in three to five business days but increased to ten to fifteen days due to new COVID protocols and staff working remotely or not at all. The MBTS assigned to Beach's account was unable to work during part of June due to health conditions, creating an

3

additional delay in ResourceOne's process here. The MBTS for Beach's account returned to work after the invoice was mailed to Brittner and then processed Brittner's notice of bankruptcy filing, writing off the debt and closing the account.

Bowe also testified, without objection, that shortly after the adversary proceeding commenced, Brittner's counsel contacted ResourceOne and offered to settle this matter to avoid further litigation. Bowe informed Brittner's counsel that the debts were written off and no further invoices would be generated. ResourceOne refused to offer a settlement payment on behalf of Beach because, according to Bowe, ResourceOne did not intentionally violate the automatic stay and Beach already provided the debt relief Brittner sought. Brittner testified that she was not made aware that her debts had been written off.

## LEGAL STANDARD

This Court has jurisdiction to hear appeals from final orders of the bankruptcy court. 28 U.S.C. § 158; see, e.g., In re Kirkland, 600 F.3d 310,314 (4th Cir. 2010) (noting district court's "capacity as a bankruptcy appellate court"). The standard of review of a bankruptcy appeal by a district court is the same as when a court of appeals reviews a district court proceeding. See 28 U.S.C. § 158(c)(2). Accordingly, the bankruptcy court's findings of fact are reviewed under a "clearly erroneous" standard. Fed. R. Bankr. P. 8013. A finding of fact is clearly erroneous when the entire record demonstrates convincingly to the reviewing court that "a mistake has been committed." United States v. US. Gypsum Co., 333 U.S. 364,395 (1948); United States v. Hall, 664 F.3d 456,462 (4th Cir. 2012). A bankruptcy court's conclusions of law are subject to *de novo* review. In re Biondo, 180 F.3d 126, 130 (4th Cir. 1999); In re K & L Lakeland, Inc., 128 F.3d 203, 206 (4th Cir. 1997).

## DISCUSSION

Brittner contends Beach violated the Automatic Stay contained in 11 U.S.C. § 362 when Beach sent Brittner a bill for payment of a debt that was listed on Brittner's Schedule F of her Chapter 7 bankruptcy petition. (DE 6, p. 9.) Beach contends it had not received notice of Brittner's bankruptcy petition when it sent the bill, and therefore, it did not willfully violate the stay, and Brittner did not suffer damages. (DE 8, p. 11.) 11 U.S.C. § 362(a) of the Bankruptcy Code imposes a stay on "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of a case under" title 11.  To enforce the protections provided by the automatic stay, Congress enacted legislation in 1984 creating a cause of action for violations of the stay:

> [A]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C 362(k)(a).  Accordingly, the debtor seeking such damages has the burden of proving the following elements:

> (1) a bankruptcy petition was filed,
> (2) debtor is an individual under the automatic stay provision,
> (3) creditor received notice of the petition,
> (4) creditor willfully violated the stay and
> (5) debtor suffered damages.

In re Sammon, 253 B.R. 672, 687-80 (Bankr. S.C. 2000) (quoting In re Flack, 239 B.R. 155, 162-63 (Bankr.S.D.Ohio 1999)).  Beach contests the third, fourth, and fifth elements of the Section 362(k) test. The Bankruptcy Court held that Brittner did not carry her burden of proof regarding these three (3) elements and found for Beach.  This Court agrees.

Regarding the third element of notice, Brittner relies on the mailing of the petition to create a presumption of Beach's receipt thereof.  See Warren v. Arthur, 532 B.R. 655 (Bankr. D.S.C. 2015), in which "courts have generally held that mailing creates a presumption of receipt." However, there is evidence here that Beach had not actually received the petition when it mailed

5

the bill to Brittner.  Beach's billing company, ResourceOne, testified that although notice of Brittner's bankruptcy arrived in Beach's mailbox on June 15, 2020, the mail was not reviewed and processed until June 29, 2020, due to the disruption to ResourceOne's business caused by an outbreak of COVID 19 cases in Columbia during June of 2020 and the City of Columbia's responsive emergency COVID-19 ordinance enacted on June 23, 2021.  The employees who picked up the mail on June 15 and scanned into ResourceOne's computers function like a mailroom in a traditional business, they do not read or react to the mail they handle nor are they trained to do so.  It was during this delay that a vendor for ResourceOne automatically generated the invoice at issue in this matter on June 22 or 25, 2020.  Nevertheless, there is no evidence that Beach received "actual notice" of Brittner's bankruptcy or knowingly mailed the invoice, which Brittner received on July 2.  Without actual notice of the bankruptcy and intentional mailing, Beach could not have violated the automatic stay by intentionally sending the invoice.  The Bankruptcy Court found that Beach's actual knowledge of Brittner's bankruptcy case was delayed due to "the COVID-19 pandemic and resulting adjustment of [Beach's] business practices."  (DE 1, p. 9.)  Brittner has not demonstrated that this finding is clearly erroneous; and therefore, this Court rejects the same.

Next, the Parties dispute the fourth element of the Section 362(k) test, whether or not the creditor willfully violated the stay.  In order to demonstrate a willful violation of the automatic stay, debtor must prove the defendant knew of the debtor's pending bankruptcy petition and intentionally attempted to continue collection efforts in spite of it.  "Under Bankruptcy Code § 362(h), a violation of the automatic stay must be 'willful' or the violator cannot be held liable for damages."  In re McMullen, 386 F.3d 320 (1st Cir. 2004) (note, Section 362(k) was formerly designated 362(h)).  The McMullen court further explained that:

6

> Generally speaking, a violation will be found 'willful' if the creditor's conduct was intentional (*as distinguished from inadvertent*), and committed with knowledge of the pendency of the bankruptcy case. Absent such knowledge on the part of a creditor, however, the violation is merely 'technical,' and no damages are to be awarded.

Id. at 330 (emphasis added). Given the Bankruptcy Court's finding that Beach's knowledge of Brittner's bankruptcy was "delayed" by the COVID-19 pandemic and adjustments in ResourceOne's business practices due to the pandemic, Brittner has not met this element. (DE 1, p. 9.) Further, this conclusion is consistent with McMullen's definition of a "technical" violation of the automatic; therefore "no damages are to be awarded." Here, ResourceOne on behalf of Beach wrote-off Brittner's debt after it processed the bankruptcy notice pursuant to Beach's long-standing policy. Accordingly, this Court agrees no willful violation of the stay occurred.

Finally, the fifth element dictates that Brittner suffer damages. Brittner's counsel's characterization of Beach's inadvertent mailing of one bill when it did not have actual notice of her Bankruptcy as continued harassment and collection efforts is disingenuous. Beach's policy is to write off debts when it receives notice of an applicable bankruptcy, which it did in this case mere days after sending the inadvertent bill. Although Brittner testified she suffered severe anxiety and emotional distress as a result of the bill, the Court does not find clear error in the Bankruptcy Court's finding that Brittner failed to establish her injuries with competent evidence. Specifically, the Bankruptcy Court found that Brittner's heart condition is pre-existing and she did not see a doctor until months after receiving Beach's billing statement. Further, Plaintiff did not provide any evidence or medical records to substantiate her emotional distress, including documentation of her subsequent doctor's visit and the diagnosis requiring her new prescription. (DE 1, p. 10.)

## CONCLUSION

For the foregoing reasons, the Court affirms the Final Order of the Bankruptcy Court (DE 1) finding that Beach did not willfully violate the automatic stay and cause compensable damages; and therefore, Appellant Viola Mae Brittner is not entitled to relief pursuant to § 362(k).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

April 20, 2022
Greenville, South Carolina